Durand v. Trusdell.

---

JAMES M. DURAND v. WARREN N. TRUSDELL AND DANIEL
M. LYON.

On motion of a codefendant for control of a judgment paid by him
    whereon he was secondarily liable, under section 36 of the Practice
    act, ordered, on disputed facts of indebtedness, that the applicant have
    the full benefit and control of the judgment and execution thereon,
    with a stay of the same after levy, and that an issue be made and
    joined to try the question in controversy between the defendants.

On motion of a codefendant for control of a judgment paid by him under section 36 of the Practice act, on return of a rule to show cause and proofs.

Argued at June Term, 1882, before Justices SCUDDER and KNAPP.

For D. M. Lyon, *J. Coult.*

For W. N. Trusdell, *T. N. McCarter.*

The opinion of the court was delivered by

SCUDDER, J. The plaintiff, James M. Durand, recovered a judgment in this court against the defendants on a promissory note for $1500, made by Trusdell, payable to the order of Lyon, and endorsed by him, dated February 4th, 1879. After the judgment was obtained, Lyon paid it to the plaintiff, and now moves for the benefit and control of the judgment for the purpose of compelling repayment from the defendant. The depositions taken show that Trusdell was primarily liable on the note, and Lyon was an accommodation endorser. The defendant Trusdell, for cause against the rule, shows that there have been large transactions between him and Lyon for several years in notes and real estate, and claims that upon a settlement of their affairs, there is no balance due Lyon, and no liability to him for his payment of this note. On the other hand, Lyon alleges that Trusdell is largely indebted to him. The statute provides for the settlement of this dispute between the parties, in the last clause, which says that on this application, the court or judge may order an issue to try the question in controversy. The object of the statute as expressed in its terms is, that if the judgment is paid by the defendant secondarily liable, he shall have the benefit of the judgment obtained by the plaintiff, so as to avoid the expense and delay of a new action against the defendant primarily liable; and further, that he may have the advantage of the lien and security of the judgment, and have execution thereof

Bergen County Savings Bank v. Township of Union.

to obtain repayment; and also, with these advantages secured, if there be a controversy between the parties as to the right to repayment, that this question may be tried on an issue ordered by the court or judge. These privileges are to be used subject to such regulations as may be imposed by the court or judge making the order. It is manifest in this case that the court cannot settle the dispute on the depositions that have been taken, and also that it might do injustice to give the defendant Lyon the full control of the judgment to enforce the repayment of the sum he has paid for Trusdell, but we may impose such equitable regulations as are contemplated by the statute to do justice between the parties. It will be therefore ordered that the defendant Lyon may have the full benefit and control of the judgment and execution thereon, with a stay of the same after levy, until the further order of the court, and that an issue be made and joined to try the question in controversy between these defendants.